UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANA PULLMAN, )<br>        Defendant )<br>) | CASE NO. 19-MJ-07302 |

**DEFENDANT DANA PULLMAN'S MOTION TO CLARIFY CONDITIONS OF PRE-TRIAL RELEASE**

Now comes the Defendant Dana Pullman, by and through undersigned counsel, and hereby respectfully requests that this Honorable Court clarify his conditions of pre-trial release to ensure that Mr. Pullman is permitted to maintain contact, entirely unrelated to the subject-matter of this case, with two long-time friends.

Mr. Pullman, the former President of the State Police Association of Massachusetts ("SPAM"), was arrested on August 21, 2019, on charges of wire fraud, honest services wire fraud, conspiracy to commit wire fraud, and obstruction of justice. This Court ordered Mr. Pullman released on bond and issued an order setting forth various conditions of pre-trial release. One condition requires Mr. Pullman to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Anne M. Lynch or as identified by the government. (Except in the presence of Counsel). Except family members to the extent they are on a list provided by the government." Dkt. 9.

The government has subsequently provided undersigned counsel with a list of persons who it believes Mr. Pullman should be prohibited from contacting.  The list names fifty-one individuals as "potential victims and witnesses," as well as "[a]ny current or former member of the SPAM Executive Board."  Undersigned counsel conferred with counsel for the government to express concern regarding the breadth of this list.  While Mr. Pullman has no intention of discussing his pending case with anyone on the list, and acknowledges that doing so would risk contempt sanctions, several of the designated individuals are his family members or close personal friends.  The government agreed that Mr. Pullman should be permitted to maintain contact (but not discuss the case) with his wife, his brother-in-law, and one long-standing friend (Greg Hill).

With respect to two other friends, both of whom Mr. Pullman has known for about three decades, the government has insisted that Mr. Pullman refrain from any contact.  Michael Sullivan, a former member of SPAM's Executive Board ("E-Board"), has been friends with Mr. Pullman for more than thirty years.  Mr. Sullivan lives in the Worcester area within approximately ten minutes of Mr. Pullman's residence, and he occasionally attends sporting events in which Mr. Pullman's children participate.  Mr. Pullman considers Mr. Sullivan a close family friend.  Similarly, Tim Gillespie, a current E-Board member, has been a close friend of Mr. Pullman's for over thirty years.  Mr. Pullman and Mr. Gillespie traveled together on SPAM business and also attend charity events together.

Mr. Pullman is presumed innocent of the charges currently pending against him.[1]  In acknowledgment of this presumption, Congress has directed for defendants released pending trial to

---

[1] This presumption, of course, applies to the obstructive conduct alleged in the complaint.

be subject to "the least restrictive . . . condition, or combination of conditions, that [the] judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(B). It is an unavoidable truth that, notwithstanding the presumption of innocence, the mere accusation of criminal conduct deeply burdens a defendant's life. Mr. Pullman should not, however, be required to terminate decades-long personal relationships because of the government's apparent skepticism that he will comply with his legal obligation to refrain from discussing the case with potential witnesses. Mr. Pullman is keenly aware of the fact that any such discussion would constitute a violation of this Court's order and would possibly subject him to contempt sanctions. The risk of any impact on the government's case from Mr. Pullman's continuing friendships with the two specified individuals is further diminished by the fact that both have already provided statements and/or testimony to the government in connection with its investigation of Mr. Pullman.

For the foregoing reasons, Mr. Pullman respectfully requests that this Court amend its prior order setting forth conditions of release to clarify that Mr. Pullman may maintain contact with Michael Sullivan and Tim Gillespie, but may not discuss the case with them.

### Request for Hearing

Mr. Pullman respectfully requests an approximately twenty-minute hearing on this important motion at the Court's earliest convenience.

### COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel has conferred with counsel for the Government and the Government opposes Mr. Pullman's request.

Respectfully Submitted,
Dana Pullman
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: September 4, 2019

### CERTIFICATE OF SERVICE

    I, Martin G. Weinberg, hereby certify that on this date, September 4, 2019, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.